TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT COURT OF NEW YORK**

**Case No. 19-cv-03545**

------------------------------------------------------------------x

NYOK MOY LEONG,
*on her own behalf and on behalf of others similarly situated*                          Plaintiff,

v.

LAUNDRY DEPOT, LLC
     d/b/a Laundry Depot Four;
LAUNDRY DEPOT #IV, LLC
     d/b/a Laundry Depot;
LAUNDRY DEPOT #V, LLC
     d/b/a Laundry Depot;
FA SUPER LAUNDROMAT CORP.
     d/b/a Laundry Depot Fifth Avenue;
LAUNDRY DEPOT II LLC
     d/b/a Laundry Depot Fifth Avenue and
     d/b/a Laundry Depot;
EAST ISLIP SUPER LAUNDROMAT CORP.
     d/b/a Laundry Depot;
ITP LAUNDROMAT CORP
     d/b/a I.T.P Laundromat;
LAUNDRY DEPOT, III LLC
     d/b/a Laundry Depot; and
BAYSHORE LAUNDRY, LLC.
     d/b/a  Laundry Depot and
     d/b/a South Shore Laundromat;
TOMMY NGAI LAU
     a/k/a Tommy Lau
     a/k/a Ngai Lau,
JENNY QIANJUN LAU
     a/k/a Jenny Lau
     a/k/a Qianjun Lau,
EILEEN ZHANG, and
SING OI LAU
     a/k/a Oi Sing Lau

                    Defendants.

------------------------------------------------------------------x

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**


**COMPLAINT**

Plaintiff NYOK MOY LEONG (hereinafter referred to as Plaintiff), on behalf of herself and others similarly situated, by and through her attorney, Troy Law, PLLC, hereby brings this complaint against Defendants LAUNDRY DEPOT, LLC d/b/a Laundry Depot Four; LAUNDRY DEPOT #IV, LLC d/b/a Laundry Depot; LAUNDRY DEPOT #V, LLC d/b/a Laundry Depot; FA SUPER LAUNDROMAT CORP. d/b/a Laundry Depot Fifth Avenue; ; LAUNDRY DEPOT II LLC d/b/a Laundry Depot Fifth Avenue and d/b/a Laundry Depot; EAST ISLIP SUPER LAUNDROMAT CORP. d/b/a Laundry Depot; ITP LAUNDROMAT CORP d/b/a I.T.P Laundromat; LAUNDRY DEPOT, III LLC d/b/a Laundry Depot; and BAYSHORE LAUNDRY, LLC. d/b/a  Laundry Depot and d/b/a South Shore LaundromatTOMMY NGAI LAU a/k/a Tommy Lau a/k/a Ngai Lau, JENNY QIANJUN LAU a/k/a Jenny Lau a/k/a Qianjun Lau, EILEEN ZHANG, and SING OI LAU a/k/a Oi Sing Lau, and alleges as follows:

## INTRODUCTION

1.      This action is brought by the Plaintiff NYOK MOY LEONG, on behalf of herself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New York Labor Law (NYLL), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.    Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid minimum wage and unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost.

4.    Plaintiff further alleges pursuant to NYLL § 650 et seq. and 12 New York Codes, Rules and Regulations § 146 (NYCRR) that she is entitled to recover from the Defendants: (1) unpaid minimum wage compensation and unpaid overtime compensation, (2) unpaid spread-of-hours premium, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs.

## **JURISDICTION AND VENUE**

5.    This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6.    Venue is proper in the Eastern District Court of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.    In 2008 and agan from on or about August 08, 2011 to May 23, 2019, Plaintiff NYOK MOY LEONG was employed by Defendants to work as a laundromat worker at Defendants' various laundromat locations.

8.    In 2008, Plaintiff NYOK MOY LEONG worked for Defendants at 1639 5th Avenue, Bay Shore, NY, 11706.

9.    From August 08, 2011 to July 19, 2013, Plaintiff worked for Defendants at 1559 Brentwood Road, Bayshore, NY 11706.

10.    Thereafter, from July 20, 2013 to March 08, 2019, Plaintiff worked for Defendants at 103-7 Carleton Ave, Islip Terrace, NY 11752.

11.    Finally, from March 08, 2019 to May 23, 2019, Plaintiff worked at Defendants at 103-7 Carleton Ave, Islip Terrace, NY 11752 during the weekdays and was dispatched to 1639 5th Avenue, Bay Shore, NY, 11706 and/or 1559 Brentwood Road, Bayshore, NY 11706 to work on the weekends, as required.

## DEFENDANTS

### Corporate Defendants

12.    Defendant LAUNDRY DEPOT #IV d/b/a Laundry Depot is a domestic business corporation organized under the laws of the State of New York with a principal address at 1549-65 Brentwood Rd., Bayshore, NY 11706.

13.     LAUNDRY DEPOT #IV d/b/a Laundry Depot is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

14.     LAUNDRY DEPOT #IV d/b/a Laundry Depot purchased and handled goods moved in interstate commerce.

15.     Defendant LAUNDRY DEPOT #V d/b/a Laundry Depot is a domestic business corporation organized under the laws of the State of New York with a principal address at 1549-65 Brentwood Rd., Bayshore, NY 11706.

16.     LAUNDRY DEPOT #V d/b/a Laundry Depot is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

17.     LAUNDRY DEPOT #V d/b/a Laundry Depot purchased and handled goods moved in interstate commerce.

18.     Defendant LAUNDRY DEPOT, LLC d/b/a Laundry Depot Four is a domestic business corporation organized under the laws of the State of New York with a principal address at 103-7 Carleton Ave, Islip Terrace, NY 11752.

19.     LAUNDRY DEPOT, LLC d/b/a Laundry Depot Four is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

20.     LAUNDRY DEPOT, LLC d/b/a Laundry Depot Four purchased and handled goods moved in interstate commerce.

21.     Defendant FA SUPER LAUNDROMAT CORP. d/b/a Laundry Depot and d/b/a Laundry Depot Fifth Avenue is a domestic business corporation organized under the laws of the State of New York with a principal address at 1639 5th Avenue, Bay Shore, NY,

11706.

22.     FA SUPER LAUNDROMAT CORP. d/b/a Laundry Depot and d/b/a Laundry
Depot Fifth Avenue is a business engaged in interstate commerce that has gross sales in excess
of five hundred thousand dollars ($500,000) per year.

23.     FA SUPER LAUNDROMAT CORP. d/b/a Laundry Depot and d/b/a Laundry
Depot Fifth Avenue purchased and handled goods moved in interstate commerce.

24.     Defendant LAUNDRY DEPOT II LLC d/b/a Laundry Depot and d/b/a
Laundry Depot Fifth Avenue is a domestic business corporation organized under the laws of
the State of New York with a principal address at 1639 5th Avenue, Bay Shore, NY, 11706.

25.     LAUNDRY DEPOT II LLC d/b/a Laundry Depot and d/b/a Laundry Depot Fifth
Avenue is a business engaged in interstate commerce that has gross sales in excess of five
hundred thousand dollars ($500,000) per year.

26.     LAUNDRY DEPOT II LLC d/b/a Laundry Depot and d/b/a Laundry Depot
Fifth Avenue purchased and handled goods moved in interstate commerce.

27.     Defendant EAST ISLIP SUPER LAUNDROMAT CORP. d/b/a Laundry
Depot is a domestic business corporation organized under the laws of the State of New York
with a principal address at 24 W Main St, East Islip, NY, 11730.

28.     EAST ISLIP SUPER LAUNDROMAT CORP. d/b/a Laundry Depot is a
business engaged in interstate commerce that has gross sales in excess of five hundred thousand
dollars ($500,000) per year.

29.     EAST ISLIP SUPER LAUNDROMAT CORP. d/b/a Laundry Depot
purchased and handled goods moved in interstate commerce.

30.     Defendant ITP LAUNDROMAT CORP. d/b/a I.T.P. Laundromat is a domestic

business corporation organized under the laws of the State of New York with a principal address at 500 Islip Avenue, Islip, NY, 11751.

31.    ITP LAUNDROMAT CORP. d/b/a I.T.P. Laundromat is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

32.    ITP LAUNDROMAT CORP. d/b/a I.T.P. Laundromat purchased and handled goods moved in interstate commerce.

33.    Defendant ITP LAUNDROMAT ENTERPRISES INC. d/b/a I.T.P. Laundromat is a domestic business corporation organized under the laws of the State of New York with a principal address at 500 Islip Avenue, Islip, NY, 11751.

34.    ITP LAUNDROMAT ENTERPRISES INC. d/b/a I.T.P. Laundromat is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

35.    ITP LAUNDROMAT ENTERPRISES INC. d/b/a I.T.P. Laundromat purchased and handled goods moved in interstate commerce.

36.    Defendant LAUNDRY DEPOT, III LLC d/b/a Laundry Depot is a domestic business corporation organized under the laws of the State of New York with a principal address at 1735 Union Boulevard, Bay Shore, NY, 11706.

37.    LAUNDRY DEPOT, III LLC d/b/a Laundry Depot is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

38.    LAUNDRY DEPOT, III LLC d/b/a Laundry Depot purchased and handled goods moved in interstate commerce.

39.     Defendant BAYSHORE LAUNDRY, LLC. d/b/a Laundry Depot and d/b/a South Shore Laundry is a domestic business corporation organized under the laws of the State of New York with a principal address at 1209 Sunrise Highway, Bay Shore, NY, 11706.

40.     BAYSHORE LAUNDRY, LLC. d/b/a Laundry Depot and d/b/a South Shore Laundry is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

41.     BAYSHORE LAUNDRY, LLC. d/b/a Laundry Depot and d/b/a South Shore Laundry purchased and handled goods moved in interstate commerce.

### Owner/Operator Defendants

42.     The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a), NYLLC § 609(c).

43.     TOMMY NGAI LAU a/k/a Tommy Lau a/k/a Ngai Lau known as "Boss" to Plaintiff and CEO of EAST ISLIP SUPER LAUNDROMAT CORP. d/b/a Laundry Depot, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at LAUNDRY DEPOT #IV, LLC d/b/a Laundry Depot and LAUNDRY DEPOT #V, LLC d/b/a Laundry Depot, at 1559 Brentwood Road, Bayshore, NY 11706; FA SUPER LAUNDROMAT CORP. d/b/a Laundry Depot Fifth Avenue and LAUNDRY DEPOT II LLC d/b/a Laundry Depot Fifth Avenue and d/b/a Laundry Depot, at 1639 5th Avenue, Bay Shore, NY, 11706; EAST ISLIP SUPER LAUNDROMAT CORP.

d/b/a Laundry Depot at 24 W Main St, East Islip, NY, 11730; ITP LAUNDROMAT CORP d/b/a I.T.P Laundromat at 500 Islip Avenue, Islip, NY, 11751; LAUNDRY DEPOT, LLC d/b/a Laundry Depot Four at 103-7 Carleton Ave, Islip Terrace, NY 11752; LAUNDRY DEPOT, III LLC d/b/a Laundry Depot at 1735 Union Boulevard, Bay Shore, NY 11706; and BAYSHORE LAUNDRY, LLC. d/b/a  Laundry Depot and d/b/a South Shore Laundromat at 1209 Sunrise Highway, Bay Shore, NY, 11706.

44.    TOMMY NGAI LAU a/k/a Tommy Lau a/k/a Ngai Lau hired Plaintiff.

45.    TOMMY NGAI LAU a/k/a Tommy Lau a/k/a Ngai Lau hired Plaintiff.

46.    TOMMY NGAI LAU a/k/a Tommy Lau a/k/a Ngai Lau paid Plaintiff and other laundromat workers on the 8th of each month.

47.    TOMMY NGAI LAU a/k/a Tommy Lau a/k/a Ngai Lau acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with LAUNDRY DEPOT #IV, LLC d/b/a Laundry Depot and LAUNDRY DEPOT #V, LLC d/b/a Laundry Depot, at 1559 Brentwood Road, Bayshore, NY 11706; FA SUPER LAUNDROMAT CORP. d/b/a Laundry Depot Fifth Avenue and LAUNDRY DEPOT II LLC d/b/a Laundry Depot Fifth Avenue and d/b/a Laundry Depot, at 1639 5th Avenue, Bay Shore, NY, 11706; EAST ISLIP SUPER LAUNDROMAT CORP. d/b/a Laundry Depot at 24 W Main St, East Islip, NY, 11730; ITP LAUNDROMAT CORP d/b/a I.T.P Laundromat at 500 Islip Avenue, Islip, NY, 11751; LAUNDRY DEPOT, LLC d/b/a Laundry Depot Four at 103-7 Carleton Ave, Islip Terrace, NY 11752; LAUNDRY DEPOT, III LLC d/b/a Laundry Depot at 1735 Union Boulevard, Bay Shore, NY 11706; and BAYSHORE LAUNDRY, LLC. d/b/a  Laundry Depot and d/b/a South Shore Laundromat at

1209 Sunrise Highway, Bay Shore, NY, 11706.

48.    JENNY QIANJUN LAU a/k/a Jenny Lau a/k/a Qianjun Lau known as "Lady Boss to Plaintiff," (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at LAUNDRY DEPOT #IV, LLC d/b/a Laundry Depot and LAUNDRY DEPOT #V, LLC d/b/a Laundry Depot, at 1559 Brentwood Road, Bayshore, NY 11706; FA SUPER LAUNDROMAT CORP. d/b/a Laundry Depot Fifth Avenue and LAUNDRY DEPOT II LLC d/b/a Laundry Depot Fifth Avenue and d/b/a Laundry Depot, at 1639 5th Avenue, Bay Shore, NY, 11706; EAST ISLIP SUPER LAUNDROMAT CORP. d/b/a Laundry Depot at 24 W Main St, East Islip, NY, 11730; ITP LAUNDROMAT CORP d/b/a I.T.P Laundromat at 500 Islip Avenue, Islip, NY, 11751; LAUNDRY DEPOT, LLC d/b/a Laundry Depot Four at 103-7 Carleton Ave, Islip Terrace, NY 11752; LAUNDRY DEPOT, III LLC d/b/a Laundry Depot at 1735 Union Boulevard, Bay Shore, NY 11706; and BAYSHORE LAUNDRY, LLC. d/b/a  Laundry Depot and d/b/a South Shore Laundromat at 1209 Sunrise Highway, Bay Shore, NY, 11706.

49.    JENNY QIANJUN LAU a/k/a Jenny Lau a/k/a Qianjun Lau is the wife of TOMMY NGAI LAU a/k/a Tommy Lau a/k/a Ngai Lau.

50.    JENNY QIANJUN LAU a/k/a Jenny Lau a/k/a Qianjun Lau arranged the time and location during which Plaintiff worked.

51.    JENNY QIANJUN LAU a/k/a Jenny Lau a/k/a Qianjun Lau acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with LAUNDRY DEPOT #IV, LLC d/b/a Laundry Depot and

LAUNDRY DEPOT #V, LLC d/b/a Laundry Depot, at 1559 Brentwood Road, Bayshore, NY 11706; FA SUPER LAUNDROMAT CORP. d/b/a Laundry Depot Fifth Avenue and LAUNDRY DEPOT II LLC d/b/a Laundry Depot Fifth Avenue and d/b/a Laundry Depot, at 1639 5th Avenue, Bay Shore, NY, 11706; EAST ISLIP SUPER LAUNDROMAT CORP. d/b/a Laundry Depot at 24 W Main St, East Islip, NY, 11730; ITP LAUNDROMAT CORP d/b/a I.T.P Laundromat at 500 Islip Avenue, Islip, NY, 11751; LAUNDRY DEPOT, LLC d/b/a Laundry Depot Four at 103-7 Carleton Ave, Islip Terrace, NY 11752; LAUNDRY DEPOT, III LLC d/b/a Laundry Depot at 1735 Union Boulevard, Bay Shore, NY 11706; and BAYSHORE LAUNDRY, LLC. d/b/a  Laundry Depot and d/b/a South Shore Laundromat at 1209 Sunrise Highway, Bay Shore, NY, 11706.

      52.    EILEEN ZHANG known as the other "Lady Boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at LAUNDRY DEPOT #IV, LLC d/b/a Laundry Depot and LAUNDRY DEPOT #V, LLC d/b/a Laundry Depot, at 1559 Brentwood Road, Bayshore, NY 11706; FA SUPER LAUNDROMAT CORP. d/b/a Laundry Depot Fifth Avenue and LAUNDRY DEPOT II LLC d/b/a Laundry Depot Fifth Avenue and d/b/a Laundry Depot, at 1639 5th Avenue, Bay Shore, NY, 11706; EAST ISLIP SUPER LAUNDROMAT CORP. d/b/a Laundry Depot at 24 W Main St, East Islip, NY, 11730; ITP LAUNDROMAT CORP d/b/a I.T.P Laundromat at 500 Islip Avenue, Islip, NY, 11751; LAUNDRY DEPOT, LLC d/b/a Laundry Depot Four at 103-7 Carleton Ave, Islip Terrace, NY 11752; LAUNDRY DEPOT, III LLC d/b/a Laundry Depot at 1735 Union Boulevard, Bay Shore, NY 11706; and BAYSHORE LAUNDRY, LLC. d/b/a  Laundry Depot and d/b/a South Shore Laundromat at

1209 Sunrise Highway, Bay Shore, NY, 11706.

53.    EILEEN ZHANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with LAUNDRY DEPOT #IV, LLC d/b/a Laundry Depot and LAUNDRY DEPOT #V, LLC d/b/a Laundry Depot, at 1559 Brentwood Road, Bayshore, NY 11706; FA SUPER LAUNDROMAT CORP. d/b/a Laundry Depot Fifth Avenue and LAUNDRY DEPOT II LLC d/b/a Laundry Depot Fifth Avenue and d/b/a Laundry Depot, at 1639 5th Avenue, Bay Shore, NY, 11706; EAST ISLIP SUPER LAUNDROMAT CORP. d/b/a Laundry Depot at 24 W Main St, East Islip, NY, 11730; ITP LAUNDROMAT CORP d/b/a I.T.P Laundromat at 500 Islip Avenue, Islip, NY, 11751; LAUNDRY DEPOT, LLC d/b/a Laundry Depot Four at 103-7 Carleton Ave, Islip Terrace, NY 11752; LAUNDRY DEPOT, III LLC d/b/a Laundry Depot at 1735 Union Boulevard, Bay Shore, NY 11706; and BAYSHORE LAUNDRY, LLC. d/b/a Laundry Depot and d/b/a South Shore Laundromat at 1209 Sunrise Highway, Bay Shore, NY, 11706.

54.    SING OI LAU a/k/a Oi Sing Lau known as Boss to Plaintiff and CEO of ITP LAUNDROMAT CORP d/b/a I.T.P Laundromat; FA SUPER LAUNDROMAT CORP. d/b/a Laundry Depot Fifth Avenue, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at LAUNDRY DEPOT #IV, LLC d/b/a Laundry Depot and LAUNDRY DEPOT #V, LLC d/b/a Laundry Depot, at 1559 Brentwood Road, Bayshore, NY 11706; FA SUPER LAUNDROMAT CORP. d/b/a Laundry Depot Fifth Avenue and LAUNDRY DEPOT II LLC d/b/a Laundry Depot Fifth Avenue and

d/b/a Laundry Depot, at 1639 5th Avenue, Bay Shore, NY, 11706; EAST ISLIP SUPER

LAUNDROMAT CORP. d/b/a Laundry Depot at 24 W Main St, East Islip, NY, 11730; ITP

LAUNDROMAT CORP d/b/a I.T.P Laundromat at 500 Islip Avenue, Islip, NY, 11751;

LAUNDRY DEPOT, LLC d/b/a Laundry Depot Four at 103-7 Carleton Ave, Islip Terrace,

NY 11752; LAUNDRY DEPOT, III LLC d/b/a Laundry Depot at 1735 Union Boulevard, Bay

Shore, NY 11706; and BAYSHORE LAUNDRY, LLC. d/b/a  Laundry Depot and d/b/a South

Shore Laundromat at 1209 Sunrise Highway, Bay Shore, NY, 11706.

55.     SING OI LAU a/k/a Oi Sing Lau acted intentionally and maliciously and is an

employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29

C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable

with LAUNDRY DEPOT #IV, LLC d/b/a Laundry Depot and LAUNDRY DEPOT #V, LLC

d/b/a Laundry Depot, at 1559 Brentwood Road, Bayshore, NY 11706; FA SUPER

LAUNDROMAT CORP. d/b/a Laundry Depot Fifth Avenue and LAUNDRY DEPOT II LLC

d/b/a Laundry Depot Fifth Avenue and d/b/a Laundry Depot, at 1639 5th Avenue, Bay Shore,

NY, 11706; EAST ISLIP SUPER LAUNDROMAT CORP. d/b/a Laundry Depot at 24 W

Main St, East Islip, NY, 11730; ITP LAUNDROMAT CORP d/b/a I.T.P Laundromat at 500

Islip Avenue, Islip, NY, 11751; LAUNDRY DEPOT, LLC d/b/a Laundry Depot Four at 103-

7 Carleton Ave, Islip Terrace, NY 11752; LAUNDRY DEPOT, III LLC d/b/a Laundry Depot

at 1735 Union Boulevard, Bay Shore, NY 11706; and BAYSHORE LAUNDRY, LLC. d/b/a

Laundry Depot and d/b/a South Shore Laundromat at 1209 Sunrise Highway, Bay Shore, NY,

11706.

## STATEMENT OF FACTS

## Defendants Constitute an Enterprise

56.     Upon information and belief, Corporate Defendants LAUNDRY DEPOT #IV, LLC d/b/a Laundry Depot; LAUNDRY DEPOT #V, LLC d/b/a Laundry Depot; FA SUPER LAUNDROMAT CORP. d/b/a Laundry Depot Fifth Avenue are joint employers of Plaintiff and constitute an enterprise as the term is defined by 29 USC §203(r) insofar as:

    a.  Defendants shared staff, including Plaintiff, and dispatched Plaintiff to work at different locations (first consecutively, then concurrently) on demand based on business necessity;

    b.  paid Plaintiff for the entirety of her work performed at the enterprise no matter at which location she worked;

    c.  advertise the Corporate Defendants as an enterprise doing business as Laundry Depot;

    d.  are owned/ managed by the same Owner/ Operator Defendants; and

    e.  are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co-owned by the same partners.

57.     At all times relevant herein, LAUNDRY DEPOT #IV, LLC d/b/a Laundry Depot; LAUNDRY DEPOT #V, LLC d/b/a Laundry Depot; FA SUPER LAUNDROMAT CORP. d/b/a Laundry Depot Fifth Avenue was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

58.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by LAUNDRY DEPOT #IV, LLC d/b/a Laundry Depot; LAUNDRY DEPOT #V, LLC d/b/a Laundry Depot; FA SUPER LAUNDROMAT CORP. d/b/a Laundry Depot Fifth Avenue.

## Wage and Hour Claims

59.    There are around four (4) employees at each of the seven (7) laundromats owned by Owner/ Operator Defendants at any one time.

60.    Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

61.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

62.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

63.    While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

64.    Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

### Plaintiff NYOK MOY LEONG

65.    Throughout the entirety of her work period in 2008 and agan from on or about August 08, 2011 to May 23, 2019, Plaintiff NYOK MOY LEONG was employed by Defendants to work as a laundromat worker at Defendants' various laundromat locations.

66.    In 2008, Plaintiff NYOK MOY LEONG worked for Defendants at 1639 5th Avenue, Bay Shore, NY, 11706.

67.    From August 08, 2011 to July 19, 2013, Plaintiff worked for Defendants at 1559 Brentwood Road, Bayshore, NY 11706.

68.    Thereafter, from July 20, 2013 to March 08, 2019, Plaintiff worked for Defendants at 103-7 Carleton Ave, Islip Terrace, NY 11752.

69.    Finally, from March 08, 2019 to May 23, 2019, Plaintiff worked at Defendants at 103-7 Carleton Ave, Islip Terrace, NY 11752 during the weekdays and was dispatched to 1639 5th Avenue, Bay Shore, NY, 11706 and/or 1559 Brentwood Road, Bayshore, NY 11706 to work on the weekends, as required.

70.    In 2008, Plaintiff NYOK MOY LEONG's regular work schedule ran from 17:00 to 22:00 for five (5) hours a day on Mondays, Wednesdays, Thursdays, Fridays, Saturdays, and Sundays for six (6) days a week and thirty hours a week for a total of thirty (30) hours each week.

71.    From on or about August 08, 2011 to March 07, 2019, Plaintiff NYOK MOY LEONG's regular work schedule ran from 08:00 to 20:00 for twelve (12) hours a day on Mondays, Wednesdays, Thursdays, Fridays, Saturdays, and Sundays with a two (2) hour break each day for six (6) days a week for a total of 60 hours each week.

72.    From on or about March 08, 2019 to May 23, 2019, Plaintiff NYOK MOY LEONG's regular work schedule ran from 17:00 to 22:00 for five (5) hours a day on Mondays, Wednesdays, Thursdays, Fridays, Saturdays, and Sundays for six (6) days a week and thirty hours a week. for a total of 30 hours each week.

73.    Plaintiff NYOK MOY LEONG did not have a fixed break time in 2008 nor after March 08, 2019, when LEONG began working part time.

74.    In 2008, Plaintiff NYOK MOY LEONG was paid a flat compensation at a rate of one thousand three hundred dollars ($1300.00) per month.

75.    From on or about August 08, 2011 to November 07, 2011 , Plaintiff NYOK

MOY LEONG was paid a flat compensation at a rate of one thousand six hundred dollars ($1600.00) per month.

76.     From on or about November 08, 2011 to November 07, 2012, Plaintiff NYOK MOY LEONG was paid a flat compensation at a rate of one thousand seven hundred fifty dollars ($1750.00) per month.

77.     From on or about November 08, 2012 to January 07, 2014, Plaintiff NYOK MOY LEONG was paid a flat compensation at a rate of one thousand nine hundred dollars ($1900.00) per month.

78.     From on or about January 08, 2014 to January 07, 2019, Plaintiff NYOK MOY LEONG was paid a flat compensation at a rate of two thousand one hundred dollars ($2,100.00) per month.

79.     From on or about January 08, 2019 to March 07, 2019, Plaintiff NYOK MOY LEONG was paid a flat compensation at a rate of two thousand three hundred dollars ($2,300.00) per month.

80.     From on or about March 08, 2019 to May 23, 2019, Plaintiff NYOK MOY LEONG was paid a flat compensation at a rate of one thousand five hundred dollars ($1,500.00) per month.

81.     At all relevant times, Plaintiff NYOK MOY LEONG was not paid overtime pay for overtime work.

82.     Throughout her employment, Plaintiff NYOK MOY LEONG was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the

employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

83.    Throughout her employment, Plaintiff NYOK MOY LEONG was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

84.    Throughout her employment, Plaintiff NYOK MOY LEONG was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

## COLLECTIVE ACTION ALLEGATIONS

85.    Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

86.    Plaintiff brings her NYLL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

87.    All said persons, including Plaintiff, are referred to herein as the "Class."

88.    The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable

from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

89.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

90.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.    Whether Defendant employed Plaintiff and the Class within the meaning of the New York law;

b.    Whether Plaintiff and Class members are not paid at least the hourly minimum wage for each hour worked;

c.    Whether Plaintiff and Class members are entitled to and paid overtime at their promised hourly wage under the New York Labor Law;

d.    Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e.    Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or timely thereafter;

f.      Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

g.      At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

### Typicality

91.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### Adequacy

92.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

### Superiority

93.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly

situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

94.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Failure to Pay Minimum Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

95.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

96.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff in full, and the similarly situated collective action members, for some or all of the hours they worked.

97.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

98.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II.
**[Violation of New York Labor Law—Failure to Pay Minimum Wage
Brought on behalf of Plaintiff and Rule 23 Class]**

99.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

100.     At all relevant times, Plaintiff is employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

101.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

102.    Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

103.    An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

104.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

105.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

106.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

107.    Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

108.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours

per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

109.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

110.    Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

111.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV.
### [Violation of New York Labor Law—Failure to Pay Overtime
### Brought on behalf of Plaintiff and Rule 23 Class]

112.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

113.    An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

114.    At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

115.    Defendant' failure to pay Plaintiff her overtime pay violated the NYLL.

116.    Defendants' failure to pay Plaintiff was not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

117.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

118.    The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

119.    Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT VI.
### [Violation of New York Labor Law—Failure to Keep Records
### Brought on behalf of Plaintiff and Rule 23 Class]

120.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

121.    Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

122.    As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

123.    Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

124.    Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

### COUNT VII.
**[Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice**
**Brought on behalf of Plaintiff and Rule 23 Class]**

125.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

126.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

127.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

128.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

129.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

### COUNT VIII.
**[Violation of New York Labor Law—Failure to Provide Wage Statements**
**Brought on behalf of Plaintiff and Rule 23 Class]**

130.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

131.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

132.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

133.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)     Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)     Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's

wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l)      The cost and disbursements of this action;

m)     An award of prejudgment and post-judgment fees;

n)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

o)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.


Dated: Flushing, New York
June 17, 2019

                        TROY LAW, PLLC
                        *Attorneys for the Plaintiff, proposed FLSA*
                        *Collective and potential Rule 23 Class*

                        /s/ John Troy_____
                        John Troy (JT0481)