UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NYOK MOY LEONG, *individually and on behalf of others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>LAUNDRY DEPOT, LLC, *et al.*,<br><br>Defendants. | **MEMORANDUM & ORDER**<br>19-CV-03545 (HG) (PK) |

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff has asserted claims for unpaid wages and other violations of the New York Labor Law (the "NYLL") and the Fair Labor Standards Act (the "FLSA") against Defendants, a group of laundromats that Plaintiff alleges the individual Defendants operated as a single enterprise. ECF No. 1. Plaintiff has moved to certify a class for her NYLL claims. ECF No. 95. For the reasons set forth below, the Court concludes that Plaintiff's proposed class satisfies each of the requirements of Rule 23 of the Federal Rules of Civil Procedure and, therefore, grants Plaintiff's motion for class certification.

**FACTUAL BACKGROUND**

Plaintiff has named as Defendants ten different business entities, which correspond to laundromats that operated at seven different locations. ECF No. 1 ¶¶ 12–39; ECF No. 25 ¶¶ 12–39. Plaintiff alleges that the four individual Defendants owned and managed those businesses as a single enterprise. ECF No. 1 ¶¶ 42–58. Plaintiff has brought claims under the NYLL for unpaid minimum wages, overtime, and spread-of-hours pay, along with claims that Defendants failed to provide her with wage statements at the times she was paid and a wage notice at the time she was hired. *Id.* ¶¶ 99–103, 112–33. She also asserts claims under the FLSA for unpaid

minimum wages and overtime. *Id.* ¶¶ 95–98, 104–11.  The parties have separately stipulated to conditionally certifying the FLSA claims as a collective action.  ECF No. 34.

Plaintiff has submitted a declaration under penalty of perjury in support of her motion for class certification for her NYLL claims.  ECF No. 96-2.  In that declaration, Plaintiff explains that during the six-year statute of limitations that applies to those claims, she worked at three of Defendants' laundromats at various points in time, sometimes working at one location during the week and another location during the weekend.  *Id.* ¶¶ 5–7.  The hours that Plaintiff worked changed over time, but she was paid a fixed monthly amount in cash.  *Id.* ¶¶ 10–24.  Although that monthly amount increased over time, it did not fluctuate depending on the number of hours that she worked in a particular month.  *Id.*  Plaintiff neither received a higher monthly payment during months when she worked overtime hours nor received higher payments when she worked more than ten hours a day to reflect the NYLL's spread-of-hours payment requirement.  *Id.* ¶¶ 25, 28.  Plaintiff asserts that individual Defendant Tommy Lau distributed cash payments to the other laundromat workers monthly in the same manner.  *Id.* ¶¶ 30, 43.  In opposition to Plaintiff's motion for class certification, Defendants have filed solely a five-page brief without any evidentiary materials.  ECF No. 98.

## **LEGAL STANDARD**

"To maintain a class action, plaintiffs must demonstrate that '(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.'" *Elisa W. v. City of New York*, No. 22-7-cv, 2023 WL 6066476, at *3 (2d Cir. Sept.

19, 2023) (quoting Fed. R. Civ. P. 23(a)).[1]  Since Plaintiff seeks to certify a class pursuant to Rule 23(b)(3), she "must also establish that questions of law or fact common to the putative class predominate over questions affecting only individual members and that the class action vehicle is the superior method of adjudication."  *Haley v. Teachers Ins. & Annuity Ass'n of Am.*, 54 F.4th 115, 121 (2d Cir. 2022).  Additionally, although not specifically enumerated in Rule 23, the Second Circuit has held that a proposed class must satisfy an implicit requirement of "ascertainability," which requires "that a class be defined using objective criteria that establish a membership with definite boundaries."  *In re Petrobras Secs. Litig.*, 862 F.3d 250, 264 (2d Cir. 2017).

"The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements have been met."  *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 137 (2d Cir. 2015).  Accordingly, the Court may not "rely on the pleadings alone to decide Plaintiff['s] motion" but must instead look "beyond the pleadings to consider the parties' evidentiary submissions and make factual findings where those submissions conflict[]."  *Jacob v. Duane Reade, Inc.*, 602 F. App'x 3, 5 (2d Cir. 2015) (affirming certification of class asserting NYLL claims).

## DISCUSSION

### I.   Plaintiff's Class Certification Motion Is Not Premature

Defendants have opposed Plaintiff's motion for class certification as premature because, at the time the motion was filed, Plaintiff still had a pending motion seeking sanctions against Defendants due to the destruction of certain records, and Plaintiff had not been deposed.  ECF

---

[1]    Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

3

No. 98 at 2. The fact that Plaintiff filed her motion according to the schedule set by Magistrate Judge Kuo is enough to reject Defendants' protests about prematurity. *See* ECF Order dated Sept. 30, 2022; ECF No. 95. However, Defendants' concerns are also meritless.

The fact that Defendants have not deposed Plaintiff is a failure of their own doing and not a function of the discovery schedule in this case. Fact discovery ended on May 31, 2022, subject to Judge Kuo's limited exception that permitted Defendants until August 5, 2022, "to respond to Plaintiff's supplemental discovery requests" served shortly before the discovery deadline. ECF No. 73; ECF Order dated June 24, 2022; ECF Order dated Aug. 1, 2022. As the parties' motion papers show, Plaintiff was able to depose at least one of the individual Defendants within the fact discovery period. ECF No. 96-3. Defendants have not offered any explanation for why they were apparently unable to depose Plaintiff. Defendants may have "miscalculated by not submitting discovery requests geared towards" undermining Plaintiff's account of her employment, or by not deposing Plaintiff, but "the Court cannot save them from this miscalculation." *Passman v. Peloton Interactive, Inc.*, No. 19-cv-11711, 2023 WL 3195941, at *26 (S.D.N.Y. May 2, 2023) (holding that additional discovery was not warranted before deciding class certification motion).

Plaintiff's motion for discovery sanctions also does not render the class certification motion premature, even though it was pending when Plaintiff's motion for class certification was filed. Since then, Judge Kuo has denied Plaintiff's motion for sanctions, holding that Defendants' loss of employment records due to theft, in one instance, and a pipe burst, in another instance, did not suggest that Defendants had acted with a culpable state of mind in losing the records. ECF Order dated Mar. 27, 2023. Judge Kuo's sanctions decision did not leave any open discovery for the parties to pursue.

4

Finally, even if some discovery were still in progress, that would not be a basis to deny Plaintiff's motion for class certification. Rule 23 instructs district courts to decide "whether to certify [an] action as a class action" "[a]t an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). A plaintiff, therefore, does not need to wait until all discovery is complete to move for class certification. *See Hasemann v. Gerber Prods. Co.*, 331 F.R.D. 239, 278 (E.D.N.Y. 2019) (explaining that courts are permitted to certify a class while discovery is ongoing and to decertify the class later if developments in discovery warrant such relief).

**II.    Plaintiff's Proposed Class Satisfies the Rule 23 Requirements**

Plaintiff seeks to certify a class of "[a]ll Laundromat workers who were employed or are currently employed by Defendants, other than Defendants themselves, during the six years immediately preceding the intuition [sic] of this action, *i.e.*, from June 17, 2013 through [the] date [of] the decision of this motion." ECF No. 97 at 6. This proposed class satisfies all of the elements of Rule 23 for the reasons explained below.

*A.    The Class Members Are Sufficiently Ascertainable and Numerous*

Plaintiff's proposed class satisfies Rule 23's implicit requirement that the class be defined in terms that are sufficiently ascertainable. A wage-and-hour class is sufficiently ascertainable where, as here, it is "defined by objective criteria: the period in which the employees worked for defendants and the names, titles, and nature of work of the NYLL class members." *Porter v. MooreGroup Corp.*, No. 17-cv-7405, 2021 WL 3524159, at *9 (E.D.N.Y. Aug. 11, 2021) (granting class certification). Under such circumstances, "the class can clearly be ascertained by objective documentation, such as Defendants' employee payroll records." *Gucciardo v. Titanium Constr. Servs., Inc.*, No. 16-cv-1113, 2017 WL 3738777, at *6 (S.D.N.Y. Aug. 30, 2017) (granting class certification). Additionally, since the parties previously stipulated to the Court conditionally certifying a FLSA collective, "[D]efendants were able to provide [P]laintiff[]

5

with [a] list of individuals who were members of the conditionally certified FLSA collective action," thereby suggesting that Defendants are also "able to create a list of individuals who are potential members of the certified NYLL class." *Porter*, 2021 WL 3524159, at *9.

Numerosity is also satisfied. The Second Circuit has explained that "[n]umerosity is presumed for classes larger than forty members." *Pa. Pub. Sch. Emps. Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 120 (2d Cir. 2014); *see also Hobbs v. Knight-Swift Transp. Holdings, Inc.*, No. 21-cv-1421, 2023 WL 3966484, at *5 (S.D.N.Y. June 13, 2023) ("In this Circuit, numerosity is generally presumed if the class has 40 or more members."). Plaintiff has submitted personnel files produced by Defendants during discovery, which Plaintiff contends show that Defendants had more than 60 employees during the class period. ECF No. 96-6; ECF No. 96-7; ECF No. 97 at 11. Defendants do not dispute that they employed this many people. ECF No. 98. Instead, Defendants attack numerosity by pointing out that only Plaintiff, as the proposed class representative, has filed a declaration in support of the motion, and that Plaintiff has provided no evidence that other employees "would have an intent to opt into a class action lawsuit." *Id.* at 4. Defendants' attack is off base because, unlike the opt-in model for FLSA collective actions, *see* 29 U.S.C. § 216(b), class members are part of a certified Rule 23 class unless they expressly opt out, *see* Fed. R. Civ. P. 23(c)(2)(B)(v). Certifying a Rule 23 class for Plaintiff's NYLL claims is therefore appropriate, even if Plaintiff cannot demonstrate that other potential class members have shown a strong affirmative interest in the litigation since "potential class members may have failed to join the FLSA collective action because they feared reprisal, particularly given their citizenship status." *Moreira v. Sherwood Landscaping Inc.*, No. 13-cv-2640, 2015 WL 1527731, at *9 (E.D.N.Y. Mar. 31, 2015) (finding numerosity satisfied and

6

certifying class); *see* ECF Nos. 96-6 & 96-7 (employee records showing passports issued by numerous countries).

### B. Plaintiff's Claims Satisfy the Commonality and Typicality Requirements

Plaintiff's proposed class satisfies the commonality requirement. "To satisfy commonality, plaintiffs must affirmatively demonstrate by a preponderance of the evidence that there are questions of law or fact common to the class." *Elisa W.*, 2023 WL 6066476, at *4. Commonality requires a plaintiff not only to craft common questions, but also to demonstrate "the ability of the action to generate common *answers* apt to drive the resolution of the litigation." *Id.* (emphasis in original). "Thus, commonality exists if there is a question such that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* "In wage cases, the commonality requirement is usually satisfied where the plaintiffs allege that defendants had a common policy or practice of unlawful labor practices." *Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61, 69 (S.D.N.Y. 2018) (granting motion to certify NYLL class). "Commonality may be met even though class members' individual circumstances differ, so long as their injuries derive from a unitary course of conduct." *Montiel-Flores v. JVK Operations Ltd.*, No. 19-cv-3005, 2023 WL 5979209, at *8 (E.D.N.Y. Aug. 1, 2023), *report and recommendation adopted in full*, 2023 WL 6057375 (E.D.N.Y. Sept. 18, 2023) (granting motion to certify NYLL class).

Commonality exists here because Plaintiff has presented evidence that "common company-wide policies and practices by Defendants" allegedly "failed to follow the NYLL" by causing Defendants to "fail[] to pay minimum wage, overtime, and spread of hours premium pay" and to "fail[] to issue wage statements and notifications of pay rates." *In re Doria/Memon Discount Stores Wage & Hour Litig.*, No. 14-cv-7990, 2017 WL 4541434, at *6 (S.D.N.Y. Oct. 10, 2017) (granting class certification). Plaintiff has explained in her declaration that she was

7

given a fixed monthly payment in cash, regardless of the number of hours she actually worked that month, and without accounting for any overtime or spread-of-hours pay that those hours may have required. ECF No. 96-2 ¶¶ 10–28. She has explained that she observed Defendant Tommy Lau paying other employees in the same manner. *Id.* ¶¶ 30, 43. Plaintiff has also submitted payroll withholding forms that the entity Defendants filed with New York tax authorities, which generally reflect that many employees were paid identical or nearly identical amounts each quarter, thereby supporting Plaintiff's observation that employees were paid a fixed amount regardless of how many hours they worked. ECF Nos. 96-10 to 96-17.

In opposing class certification, Defendants have not disputed that they paid Plaintiff a fixed monthly amount or that they did the same for other employees. ECF No. 98. Nor have Defendants attempted to argue that their compensation practices varied across the different locations where Defendants operated laundromats. *Id.* Instead, Defendants contend that the class definition is inappropriate because it includes employees who were classified as exempt and, therefore, purportedly were not subject to the NYLL's overtime requirements. *Id.* at 3.

Although Defendants do not specify the exemption on which they rely, their reference to "managerial staff," *see* ECF No. 98 at 3, leads the Court to infer that they are relying on the exemption established by the New York State Department of Labor that applies to employees who work in an "[e]xecutive, administrative or professional capacity," *see* 12 N.Y.C.R.R. § 142-2.14(c)(4). This exemption requires an employee to have particular job responsibilities—such as the ability to exercise discretion and to exercise influence over hiring and firing—and also requires a minimum weekly salary. 12 N.Y.C.R.R. § 142-2.14(c)(4). The minimum weekly salary differs depending on the year, the size of the employer, and the location within New York where the employee worked. *Id.* For example, since December 31, 2018, an employee who

8

works in New York City for an employer with more than 11 employees must get paid at least $1,125.00 each week to fall within the executive exemption from overtime rules.  *Id.*

When dealing with wage-and-hour cases, the Second Circuit has declined to conclude "that exemption is an *inherently* individualized inquiry, such that class treatment will never be appropriate in exemption cases."  *Myers v. Hertz Corp.*, 624 F.3d 537, 549 (2d Cir. 2010). Instead, the Second Circuit "note[d] that district courts in this Circuit have certified classes on state law claims that turn on the question of FLSA exemption for a particular group of employees."  *Id.*  In circumstances where determining whether each class member was subject to an exemption depends on "examining the employee's actual duties," commonality likely does not exist, and class certification would not be appropriate.  *Id.* at 550 (affirming denial of class certification); *see also Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 539 (2d Cir. 2016) (holding that individual assessment of class members' job duties to determine whether they were properly classified as interns was not subject to generalized proof).  However, if examining differences in each class member's job duties is unnecessary, then determining whether an employer "misclassified its employees as exempt from New York's overtime requirements" is an issue that is "subject to classwide resolution."  *Jacob*, 602 F. App'x at 6 (affirming class certification for NYLL class).

Common issues exist here even though Defendants have asserted that some employees, including Plaintiff, were exempt from overtime compensation.  Plaintiff has submitted employee schedules that not only detailed employees' hours, but also described various tasks that each employee was responsible for performing.  ECF No. 96-8.  Although the tasks differ slightly, they primarily relate to cleaning the laundromat and maintaining its equipment, thereby suggesting that Defendants' employees performed the same general tasks.  *Id.*  Defendants have

9

not opposed class certification by arguing that their employees' responsibilities differed meaningfully from each other—they have instead asserted in a conclusory manner that some employees are exempt from overtime compensation. ECF No. 98 at 3. Plaintiff has responded with an analysis of the amounts various employees were paid that purports to demonstrate that those employees, including Plaintiff, did not receive the minimum salary to qualify for the NYLL's executive or administrative exemption. ECF No. 99 at 2–4; ECF No. 99-1. Although the Court will not decide now whether Plaintiff or other employees fit within the NYLL's exemption, this appears to be a case where the exemption will hinge on whether employees received the threshold weekly wage and not on an individualized inquiry into their job responsibilities. Accordingly, this is a case in which deciding disputes about whether class members were properly classified as exempt employees is "subject to classwide resolution." *Jacob*, 602 F. App'x at 6.

Typicality is also satisfied. "Typicality requires that the claims of the class representatives be typical of those of the class, and is satisfied when each member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Elisa W.*, 2023 WL 6066476, at *9. "In a wage case, the typicality requirement is satisfied where the named plaintiff and proposed class members were subject to the same general employment scheme, and their claims are based on the same course of events and legal theory." *Montiel-Flores*, 2023 WL 5979209, at *8. "[W]here the claims of a class stem from a single course of conduct, the commonality and typicality requirements of Rule 23(a) tend to merge." *Elisa W.*, 2023 WL 6066476, at *9.

Plaintiff has demonstrated that typicality is satisfied for many of the same reasons that she has demonstrated commonality. She intends to present the same claims as the rest of the

10

class, has provided evidence suggesting that Defendants violated the class members' rights under the NYLL in the same manner that they allegedly violated her NYLL rights, and the overtime exemption defense that Defendants intend to assert against an unspecified number of class members is at issue for Plaintiff's claims too. *See Porter*, 2021 WL 3524159, at *7 ("The typicality requirement is satisfied here, where the same factual circumstances and legal arguments underlie each putative class member's claims."); *Moreira*, 2015 WL 1527731, at *12 (finding typicality satisfied where "the named plaintiffs' claims and the proposed class members' claims arise from the same course of conduct (*i.e.*, Defendants' alleged practice and policy of failing to pay overtime at the statutory rate), raise common issues of law and fact (*inter alia*, Defendants' failure to pay time and half for all hours worked over forty), and are based on the same legal theories (violations of the NYLL)").

### C.  Plaintiff Is an Adequate Class Representative

The Court deems Plaintiff to be an adequate class representative. "Under Rule 23(a)(4), adequacy is twofold: the proposed class representative must have an interest in vigorously pursuing the claims of the class, and must have no interests antagonistic to the interests of other class members." *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, 827 F.3d 223, 231 (2d Cir. 2016). "However, even if a conflict is revealed, it does not necessarily defeat class certification—the conflict must be fundamental." *In re Patriot Nat'l, Inc. Secs. Litig.*, 828 F. App'x 760, 764 (2d Cir. 2020) (affirming class certification even though lead plaintiffs had some claims that other class members did not have and vice versa).

Defendants assert that Plaintiff is not an adequate class representative because she has commenced a separate lawsuit against Defendants for age and disability discrimination, for which Plaintiff has not sought class certification. *See Leong v. Laundry Depot, LLC, et al.*, No. 20-cv-2637 (E.D.N.Y. filed June 13, 2020) (ECF No. 1). Defendants argue that Plaintiff may be

11

incentivized to reach a global resolution that settles the class's NYLL claims for an improperly low amount, so long as she receives a substantial individual settlement of her discrimination claims. ECF No. 98 at 4–5. However, the fact that Plaintiff has brought separate claims against Defendants that the class does not share does not automatically preclude her from being a class representative. *Zivkovic*, 329 F.R.D. at 66 (granting motion to certify NYLL class where class representative was separately pursuing an individual claim for discrimination based on national origin); *Orellana v. One If By Land Rest. LLC*, No. 18-cv-7865, 2020 WL 5768433, at *1, *7 (S.D.N.Y. Sept. 27, 2020) (finding that plaintiff who asserted individual employment discrimination claim was adequate representative of NYLL class); *Patriot Nat'l*, 828 F. App'x at 764 (affirming class certification despite lead plaintiffs and class members having non-identical claims). Since any settlement of the class's NYLL claims will need the Court's approval, the Court can guard against the "potential conflict of interest" that Defendants raise, should it ever arise. *See* ECF No. 98 at 5.

Defendants also attempt to impugn Plaintiff by criticizing the declaration she filed in support of her class certification motion. Defendants argue that the Court should assign little weight to the declaration because it was prepared more than three months before Plaintiff's motion for class certification was filed, refers at one point to Plaintiff's employer as a "restaurant," and describes only a few anecdotes about other employees' claims. ECF No. 98 at 3–4. Overall, Defendants contend that Plaintiff's declaration appears to have been drafted by her counsel, rather than by Plaintiff personally, thereby suggesting that Plaintiff is "a detached figurehead" who will not meaningfully pursue this lawsuit on behalf of the class. *Id.* at 4.

None of these contentions defeat Plaintiff's adequacy to serve as a class representative. The fact that Plaintiff's declaration was prepared nearly three months before the class

12

certification motion was filed, *see* ECF No. 96-2 at 10, is easily explained by the fact that Plaintiff's original deadline to file the motion fell within a few days of when she signed the declaration, but was eventually extended several times by Judge Kuo at the parties' request, *see* ECF No. 73. The typo identified by Defendants, Plaintiff's potential lack of familiarity with other class members' specific experiences, and the other indicia that Plaintiff's counsel played a significant role in drafting the declaration are similarly insufficient to defeat class certification. *See Lawrence v. NYC Med. Practice, P.C.*, No. 18-cv-8649, 2021 WL 2026229, at *10 (S.D.N.Y. May 20, 2021) (certifying NYLL class and rejecting adequacy challenge because "there is no requirement that a class representative have personal knowledge of all class members' claims").

> D. *Common Issues Predominate, and Class Litigation Is a Superior Method of Adjudication*

As described above, since Plaintiff seeks to certify her class pursuant to Rule 23(b)(3), she must demonstrate that common issues predominate over individualized issues and that class certification is a superior method of litigating the class members' claims. "Predominance is satisfied if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015) (vacating decision not to certify NYLL class and remanding for further consideration). "[T]he fact that damages may have to be ascertained on an individual basis is not sufficient to defeat class certification under Rule 23(b)(3)." *Id.* Instead, it is "simply one factor that [the Court] ha[s] to consider in deciding whether issues susceptible to generalized proof outweigh individual issues." *Id.*

Plaintiff has satisfied the predominance requirement. "The question of whether class members were properly paid can be addressed by class-wide proof regarding the [D]efendants' payroll records, financial records, and testimony." *Zivkovic*, 329 F.R.D. at 75. Although each class member will have worked different hours, thereby requiring an individualized inquiry to calculate their damages, "the types of individual questions that exist in wage-and-hour cases, such as the hours worked or the exact damages to which each plaintiff might be entitled, are inevitable and do not defeat the predominance requirement." *Id.*; *see also Montiel-Flores*, 2023 WL 5979209, at *10 ("District courts have routinely found that common questions predominate in wage and hour actions brought on behalf of a class of employees of the same employer challenging allegedly illegal policies and practices."). Defendants' assertion that Plaintiff and other employees were exempt from overtime compensation does not defeat predominance because, as explained above, that inquiry will most likely hinge on the application of the minimum salary threshold and not an individualized assessment of each class member's largely similar job responsibilities. *See Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 166 (S.D.N.Y. 2014) (holding that issue of whether employees qualified for administrative exemption from overtime compensation did not prevent common issues from predominating because evidence showed employees "ha[d] the same primary responsibility").

Litigating the class members' NYLL claims as a class action is also the superior method of adjudicating their claims. For many individual employees, "the amount of potential recovery is low and likely to be outweighed by the individual cost of litigation." *Zivkovic*, 329 F.R.D. at 76. Additionally, a significant number of the class members may still be employed by Defendants and therefore "concerned about potential retaliation," which "further diminishes the likelihood of individual action." *Id.* Courts throughout the Second Circuit have found class

14

certification to be the superior method of litigating wage-and-hour claims based on similar considerations. *See, e.g.*, *Porter*, 2021 WL 3524159, at *11 ("[T]he opt-out nature of a class action is a valuable feature lacking in an FLSA collective action where employees may be reluctant to participate in the action due to fears of retaliation, thus, rendering the class action superior."); *Orellana*, 2020 WL 5768433, at *8 ("Courts routinely hold that a class action is superior where, as here, potential class members are aggrieved by the same policy, the damages suffered are small in relation to the expense and burden of individual litigation, and many potential class members are currently employed by the defendants.").

### E. The Court Approves Class Notice and Appoints Class Counsel

The Court is responsible for approving the parties' notice to potential class members, which informs them that a class has been certified and, among other things, explains how they may opt out of the class if they so choose. *See* Fed. R. Civ. P. 23(c)(2)(B). Defendants have not contested the adequacy of Plaintiff's proposed notice to class members, and the Court deems it to be adequate. *See* ECF No. 96-1. The Court approves Plaintiff's request that the notice be distributed both by mailing it to the potential class members and by requiring Defendants to post the notice in a prominent place at each of the locations where they do business. *Jackson*, 298 F.R.D. at 169–70 (explaining that requiring an employer to post notice to class members "in a conspicuous place" within its office "is common in wage and hour actions").

The Court grants Plaintiff's request to appoint her counsel, the Troy Law Firm, as counsel for the class. "Rule 23(g)(1)(A) requires that district courts consider the following in appointing class counsel: '(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.'" *Orellana*, 2020 WL

15

5768433, at *8 (quoting Fed. R. Civ. P. 23(g)(1)(A)). Defendants have not disputed the Troy Law Firm's adequacy to serve as class counsel.

However, the Court is aware of several concerning instances in this Circuit in which the Troy Law Firm has been deemed inadequate to serve as counsel for a class of employees asserting wage-and-hour claims. In one prominent decision, the Second Circuit affirmed the de-certification of a class based on the Troy Law Firm's failure competently to pursue the class's claims at trial, based on a record "replete with counsel's shortcomings" after the class was certified. *Jin v. Shanghai Original, Inc.*, 990 F.3d 251, 263 (2d Cir. 2021). Since then, multiple district courts have either refused to appoint the Troy Law Firm as class counsel or removed them as counsel based on a demonstrated pattern of inadequate representation in those cases.[2] Outside of the class certification context, other courts have raised troubling concerns about the Troy Law Firm's performance. In one instance, the court detected that a plaintiff represented by the Troy Law Firm had not worked at all of the locations where he professed to have worked in his complaint. *Lin v. Quality Woods, Inc.*, No. 17-cv-3043, 2021 WL 2343179, at *8 (E.D.N.Y.

---

[2] *Wang v. Shun Lee Palace Rest., Inc.*, No. 17-cv-840, 2023 WL 2734328, at *7 (S.D.N.Y. Mar. 31, 2023) (denying class certification because "Troy Law has been sanctioned in this action, as well as repeatedly in other actions in this Circuit" and "other judges in this district and circuit have raised concerns about Troy Law's tendency towards prejudicial neglect of its clients' interests, and declined to certify a class for that reason"); *Huang v. Shanghai City Corp.*, No. 19-cv-7702, 2022 WL 1468450, at *20 (S.D.N.Y. May 10, 2022) (denying class certification because "[t]he Troy Law Firm has not acted as an adequate fiduciary for members of the putative class," as demonstrated by multiple sanctions against the firm and its clients in that case); *Chen v. A Taste of Mao, Inc.*, No. 17-cv-802, 2021 WL 3727093, at *1 (S.D.N.Y. Aug. 20, 2021) (denying class certification because "the Troy Firm has consistently demonstrated its inadequacy as class counsel in several previous cases, in which it has been sanctioned or reprimanded for its inability to represent class plaintiffs zealously and competently in other FLSA and NYLL cases" and had, in that particular case, "fail[ed] to comply with court rules and deadlines"); *Rodpracha v. Pongsri Thai Rest. Corp.*, No. 14-cv-2451, 2021 WL 1733515, at *2 (S.D.N.Y. Mar. 22, 2021) (removing Troy Law Firm as class counsel due to "myriad performance issues" and because "regardless of its professed level of experience in wage-and-hour cases, Troy Law has shown a tendency towards prejudicial neglect of its clients' interests").

June 4, 2021) (ordering Troy Law Firm to show cause why it should not be sanctioned because allegations in plaintiff's complaint "were flatly contradicted by [plaintiff] after the most cursory examination by the Court" and "[i]t appear[ed] this [wa]s not the first time Troy or his firm have engaged in the practice of asserting and maintaining claims against businesses with no relationship to plaintiffs"). In another instance, the firm submitted an affidavit on behalf of a witness who, like Plaintiff, was not a native English speaker, and the court found that the affidavit did not reliably translate the witness's description of his experiences. *Lin v. La Vie En Schezuan Rest. Corp.*, No. 15-cv-9507, 2020 WL 1819941, at \*4, \*6 (S.D.N.Y. Apr. 9, 2020) (explaining that court learned mid-trial that an affidavit translated from English to Mandarin by firm employee had "discrepanc[ies]" and, when called during trial to testify about the issue, the translator "testified to having some difficulties with written translations" in part because "she primarily provided oral interpreting services").

The record in this case does not reflect any similar neglect or inadequate performance by the Troy Law Firm or its attorneys, and the Court will not deny class certification based solely on the firm's history of deficient performance in other cases. However, if the Court detects any similar suggestions of inadequate representation going forward, the Court will not hesitate to sanction Plaintiff's counsel, to remove the Troy Law Firm as class counsel, to decertify the class, or even to dismiss Plaintiff's or the class members' claims involuntarily and with prejudice, pursuant to Rule 41(b), if the circumstances warrant.

## **CONCLUSION**

For the reasons set forth above, the Court GRANTS Plaintiff's motion for class certification. ECF No. 95. The class covers the NYLL claims in Plaintiff's complaint and is defined as follows: all laundromat workers who were employed or are currently employed by

Defendants, other than Defendants themselves, between the date six years immediately preceding the filing of this action, *i.e.*, from June 17, 2013, and the date of this decision, *i.e.*, through September 26, 2023.

The parties shall disseminate Plaintiff's proposed notice to class members, *see* ECF No. 96-1, on or before October 14, 2023. The parties shall file a joint letter no longer than three pages on or before October 21, 2023, describing their efforts to disseminate the notice.

SO ORDERED.

                                                        */s/ Hector Gonzalez*
                                                        HECTOR GONZALEZ
                                                        United States District Judge

Dated: Brooklyn, New York
        September 26, 2023