UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NYOK MOY LEONG, *individually and on behalf of others similarly situated*,

                Plaintiff,

v.

LAUNDRY DEPOT, LLC, *et al.*,

                Defendants.

**MEMORANDUM & ORDER**
25-CV-3545 (HG) (PK)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff has asserted claims for unpaid wages and other violations of the New York Labor Law (the "NYLL") and the Fair Labor Standards Act (the "FLSA") against Defendants, a group of laundromats that Plaintiff alleges operated as a single enterprise. *See* ECF No. 1.[1] Three years ago, Plaintiff moved to certify a class for her NYLL claims, *see* ECF No. 95, and the Court granted class certification, *see* ECF No. 103. Defendants now move to decertify that class. *See* ECF No. 141.

    For the reasons set forth below, the Court finds that the requirements of Federal Rule of Civil Procedure 23 are no longer met. Accordingly, the Court GRANTS Defendants' motion for decertification.

## BACKGROUND

    The Court assumes the parties' familiarity with the facts underlying this action and recounts only the procedural history relevant to the instant motion. The overarching class claim

---

[1] Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

is that Defendants did not pay minimum wages, overtime, and spread-of-hours pay, along with claims that Defendants failed to provide wage statements and wage notice. On September 26, 2023, pursuant to Rule 23(a) and 23(b), the Court certified a NYLL class of "all laundromat workers who were employed or are currently employed by Defendants, other than Defendants themselves, between . . . June 17, 2013, and . . . September 26, 2023." *See* ECF No. 103; September 26, 2023, Text Order.

Approximately two years after the Court granted class certification, and in the midst of the parties' trial preparations, Defendants filed their motion to set aside class certification. *See* ECF No. 141. Defendants argue that decertification is warranted at this juncture because, in the years since the Court certified the class, the record has developed such that: (1) Rule 23's commonality requirement is not met because Plaintiff does not provide evidence of a company-wide policy or practice that violates the NYLL; and (2) Rule 23's requirements for class counsel, here, the Troy Law Firm ("Troy Law"), are not met because Troy Law has not fairly and adequately represented the interests of the class. *See* ECF No. 141-1 at 11–19.[2]

## **LEGAL STANDARD**

Generally, the district court has "broad discretion . . . in class certification questions." *Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 139 (2d Cir. 2001). As

---

[2] Defendants also argue that the Court should decertify the class because it is an impermissible "fail-safe" class. ECF No. 141-1 at 16. Fail-safe classes are classes defined such that they "preclude membership unless the liability of the defendant is established," and impermissibly shield putative class members from adverse judgment. *Spread Enters., Inc. v. First Data Merch. Servs. Corp.*, 298 F.R.D. 54, 69 (E.D.N.Y. 2014). This argument does not apply to the instant action as membership in this class does not depend on liability, but on an objective and ascertainable fact. *See* ECF No. 103; September 26, 2023, Text Order (defining the class as "all laundromat workers who were employed or are currently employed by Defendants, other than Defendants themselves, between [the relevant period]"). Accordingly, the Court rejects that argument as meritless.

2

part of that discretion, courts may appropriately reexamine their certification orders at any stage of the proceedings. *See* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."); *Jin v. Shanghai Original, Inc.*, 990 F.3d 251, 261 (2d Cir. 2021) ("[D]istrict courts have the authority to *sua sponte* decertify a class if they find that the class no longer meets the requirements of Rule 23 at any time before final judgment.").

In practice, this reexamination relies on courts' vigilance. *Mazzei v. Money Store*, 829 F.3d 260, 266 (2d Cir. 2016) ("The district court has the affirmative duty of monitoring its class decisions."). Courts must "ensure that a certified class satisfies Rule 23 throughout the litigation," *Jin,* 990 F.3d at 262, and "reassess class rulings as the case develops" in order to "ensure continued compliance with Rule 23's requirements," *Amara v. CIGNA Corp.*, 775 F.3d 510, 520 (2d Cir. 2014). This vigilance also requires that courts ensure compliance with Rule 23 is "actual, not presumed," as "[actual] conformance with Rule 23 remains [] indispensable" to maintaining the class action. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).

In instances where a court realizes that the Rule 23 requirements are no longer satisfied, courts "possess the authority to alter or decertify the class." *Jin,* 990 F.3d at 262; *see also Sumitomo Copper Litig.*, 262 F.3d at 139 (district court may "decertify the class whenever warranted"). Where a defendant moves for decertification, courts in this Circuit have held that the defendant must demonstrate "some significant intervening event, or a showing of compelling reasons to reexamine the [certification] question" before the Court may decertify a class. *See, e.g., Jianmin Jin v. Shanghai Original, Inc.*, No. 16-cv-5633, 2019 WL 11816612, at *2 (E.D.N.Y. July 10, 2019), *aff'd sub nom.* 990 F.3d 251 (2d Cir. 2021) (quoting *Jermyn v. Best*

3

*Buy Stores, L.P.*, 276 F.R.D. 167, 169 (S.D.N.Y. 2011)).[3] When confronted with a compelling reason to reexamine whether a class still complies with all of Rule 23's requirements, and such reexamination reveals at least one requirement is no longer satisfied, the "district court may—and should—decertify a class." *See Wu v. Pearson Educ. Inc.*, 2012 WL 6681701, at *5 (S.D.N.Y. Dec. 21, 2012) (granting motion for decertification).

## DISCUSSION

The Court begins by addressing Defendants' argument concerning Rule 23's commonality requirement before turning to their argument that class counsel has failed to adequately represent the class in this action.

### I. The Commonality Requirement

In 2023, the Court found "[c]ommonality exists here because Plaintiff presented evidence that 'common company-wide policies and practices by Defendants' allegedly 'failed to follow the NYLL' by causing Defendants to 'fail to pay minimum wage, overtime, and spread of hours premium pay' and to 'fail to issue wage statements and notifications of pay rates.'" ECF No. 103 at 7. Defendants now argue that Plaintiff did not present additional evidence of that

---

[3] Other courts in this Circuit have resolved motions for decertification without requiring that the defendant show a "a sufficient change in law or circumstances." *See, e.g., Wu v. Pearson Educ. Inc.*, 2012 WL 6681701, at *5 (S.D.N.Y. Dec. 21, 2012). Though the Second Circuit has not addressed this burden-of-proof question directly, *see Jin*, 990 F.3d at 262 n.18 ("Rule 23 is silent on the burden of proof, [and] courts have taken different approaches . . . [but] [b]ecause the issue of whether a significant intervening event . . . might be appropriate when a defendant moves to decertify is not before us, we do not address [it]"), most courts in this Circuit require a defendant moving for decertification to show some intervening event or compelling reason before the court disturbs class certification, *see, e.g., Jianmin Jin*, 2019 WL 11816612; *Doe v. Karadzic*, 192 F.R.D. 133, 136–37 (S.D.N.Y. 2000); *Jermyn*, 276 F.R.D. at 169. Accordingly, for the purposes of the instant motion, the Court assumes without deciding that Defendant must show a change in law or circumstances that warrants reassessment of whether this class still satisfies Rule 23's requirements.
    As discussed *infra*, Defendants have demonstrated a compelling reason for the Court to reexamine certification by showing that class counsel's representation is inadequate. *See* ECF No. 141-1 at 5.

4

company-wide policy and practice in the time since certification. *See* ECF No. 141-1 at 8. Plaintiff does not dispute that she has not provided additional evidence; instead, she argues that it is Defendants who failed to provide "new evidence" to support their arguments, which, in Plaintiff's view, are merely a "rehash" of the arguments they made in opposing class certification. *See* ECF No. 144 at 4–5 ("Defendants essentially rehash [their] same arguments in this motion, and do not proffer any new evidence [to support that position]"). Both arguments miss the mark.

In seeking decertification, Defendants must show a significant intervening event or compelling reason to warrant reexamination of the commonality requirement. *See Jermyn*, 276 F.R.D. at 169. Defendants show the exact opposite—they argue that nothing has changed. Defendants' assertions that Plaintiff has provided nothing new since certification on this front, implies, *a fortiori*, that evidence of commonality is the same now as it was at certification. That same logic applies to Plaintiff's assertions there has been "no new evidence" from Defendants. Syllogism aside, there is no basis to reexamine commonality at this juncture.

At the time of certification, the Court was satisfied that commonality existed based on a preponderance of the evidence. *See* ECF No. 103 at 7–10. In light of the fact that evidence has, as both parties concede, not changed, then there is neither a "significant intervening event," nor a "compelling reason[]" to warrant reexamination of the Court's finding that Rule 23's commonality requirement was satisfied.

## II.    The Adequacy of Class Counsel's Representation

Defendants second argument—that Troy Law has inadequately represented the interests of the class members—is far more compelling. Like the other requirements of Rule 23, courts may decertify a class if it is apparent that class counsel is no longer adequately representing the interests of the class members. *Jin*, 990 F.3d at 261; *see also Lawrence v. Goals Aesthetic &*

5

*Plastic Surgery*, No. 18-cv-8649, 2024 WL 3742398, at *11 (S.D.N.Y. Aug. 9, 2024) ("Once the decision to certify a class has been made, the court remains under a continuing duty to monitor the adequacy of representation to ensure that class counsel provides zealous, competent representation through the proceedings.").

In 2023, the Court reluctantly appointed Troy Law as class counsel because Defendants had not disputed Troy Law's adequacy to serve as class counsel, ECF No. 103 at 16, and the Court found that, at the time, "[t]he record in this case does not reflect . . . neglect or inadequate performance by Troy Law or its attorneys, and the Court will not deny class certification based solely on the firm's history of deficient performance in other cases," *id.* at 17.

At the time, the Court was reluctant to appoint Troy Law as class counsel based on "several concerning instances in this Circuit in which the Troy Law Firm has been deemed inadequate to serve as counsel for a class of employees asserting wage-and-hour claims," and that "[i]n one prominent decision, the Second Circuit affirmed the de-certification of a class based on the Troy Law Firm's failure competently to pursue the class's claims at trial, based on a record 'replete with counsel's shortcomings' after the class was certified." *Id.* at 16 (quoting *Jin*, 990 F.3d at 263). The Court also noted that "multiple district courts have either refused to appoint the Troy Law Firm as class counsel or removed them as counsel based on a demonstrated pattern of inadequate representation in those cases," and that "[o]utside of the class certification context, other courts have raised troubling concerns about the Troy Law Firm's performance." ECF No. 103 at 16, 16 n.2, 17 (collecting cases). The Court warned class counsel that if it "detects any similar suggestions of inadequate representation going forward, the Court will not hesitate to sanction Plaintiff's counsel, to remove the Troy Law Firm as class

6

counsel, to decertify the class, or even to dismiss Plaintiff's or the class members' claims involuntarily and with prejudice, pursuant to Rule 41(b), if the circumstances warrant." *Id.* at 17.

Now, the Court determines that Troy Law has not and cannot adequately represent class members' interests.

Defendants argue that "there is indicia of inadequate representation" with respect to Troy Law's conduct in this case. ECF No. 141-1 at 6. That is an understatement—class counsel's representation does not merely "suggest[] inadequate representation," ECF No. 103 at 17, inadequacy is the defining characteristic. Since the Court granted certification, the record in this case and others demonstrates "compelling reasons" to reassess whether Troy Law's representation satisfies Rule 23's requirements. *Jianmin Jin*, 2019 WL 11816612, at *2; *Jermyn*, 276 F.R.D. at 169. Because the Court finds class counsel has inadequately represented Plaintiff and class members, and the requirements of Rule 23 are no longer met, the Court decertifies the class.

    *A.    Class Counsel's Representation in this Case is Inadequate*

In the time since the Court granted certification, the record in this case has collected a litany of examples that lead the Court to conclude that class counsel has failed to "fairly and adequately represent the interests of the class." *See* Fed. R. Civ. P. 23(g). This case's protracted procedural history is replete with examples of Troy Law's penchant for delay and dilatory litigation tactics. For example, it has: missed numerous Court deadlines (*see* November 13, 2024, Text Order; February 4, 2025, Text Order; April 29, 2025, Text Order; August 27, 2025, Text Order); waited until the eleventh-hour or later to request extensions for simple filings (*see* ECF Nos. 127, 131, 136; August 21, 2025, Text Order); incessantly disregarded unambiguous Orders and the Court's Individual Practices (*see, e.g.*, March 1, 2024, Text Order; May 20, 2025, Text Order; July 18, 2025, Text Order; August 21, 2025, Text Order; September 2, 2025, Text

7

Order); and generally conducted itself in a manner that adds unnecessary complication to an already unnecessarily complicated action (*see*, *e.g.*, April 16, 2024, Text Order; July 18, 2025, Text Order; July 28, 2025, Text Order; August 21, 2025, Text Order; September 2, 2025, Text Order).  This conduct erodes the limited confidence the Court had at the time of certification and is, by itself, sufficient evidence that class counsel has failed to "competently, responsibly, and vigorously prosecute the suit." *See Jianmin Jin*, 2019 WL 11816612, at *3.

However, the process of preparing for trial is what ultimately tips the balance in favor of decertification.  Class counsel's trial preparation (or utter lack thereof) has completely eviscerated whatever iota of confidence remained after certification.  Over the last few months, Troy Law has:  (1) submitted inadequate proposed pretrial orders (July 18, 2025, Text Order); (2) failed to provide anything more than conclusory allegations to support its contention that Plaintiff and class members have standing to bring claims under NYLL § 195 (July 28, 2025, Text Order); (3) consistently failed to address the Court's questions surrounding the impending trial, such as:  which of the 103 trial witnesses Plaintiff lists in the initial proposed joint pretrial order will be available for trial, and whether Plaintiff developed a plan, pursuant to Rule 23(d), addressing issues such as providing class members with appropriate notice about the impending trial (July 28, 2025, Text Order; September 2, 2025, Text Order); (4) notified the Court, after listing 103 witnesses, that it intended to call only three witnesses at trial (ECF No. 132; August 6, 2025, Text Order); (5) overlooked or disregarded the Court's Orders when revising inadequate pretrial orders (July 18, 2025, Text Order; September 2, 2025, Text Order); and (6) been recalcitrant in response to the Court's questions about its trial preparations, particularly in response to the Court's questions about its intent to present a trial plan that identifies issues to be presented at trial and tests whether such issues are susceptible to class-wide proof, how three

8

witnesses will adequately represent all of the class members, and a plan for class members who are not present at the trial (*see* ECF No. 140 at 3–4).

In light of the proximity to trial, the number of outstanding issues and unanswered questions about basic components of this case is compelling evidence that Troy Law has failed to adequately represent the interests of Plaintiff and the class members. This conduct corroborates the history of inadequate representation that the Court identified at the time of certification, *see* ECF No. 103 at 16–17, and is corroborated in cases after certification in which Troy Law has continued its pattern of deficient performance.

### B. Troy Law Firm's Representation in Other Cases After Certification Here Demonstrates a Pattern of Inadequacy

If Troy Law's conduct in the instant case were not enough to warrant decertification, even a cursory review of the cases in this Circuit in which Troy Law has appeared on behalf of plaintiffs in wage-and-hour cases shows that it has continued its pattern of inadequate representation in the years since 2023. *See, e.g.*, *Zhuang v. Lucky Nail Spa Inc.*, No. 21-cv-6658, 2024 WL 187124, at *14–15 (E.D.N.Y. Jan. 17, 2024) (disqualifying Troy Law as class counsel in one case, and as individual plaintiff's counsel in a related case, based on "demonstrated [] inadequacy" and "troubling concerns about the conduct of the Troy Law Firm"); *Li v. Dolar Shop Rest. Grp., LLC*, No. 16-cv-1953, 2024 WL 794345, at *15 (E.D.N.Y. Feb. 9, 2024), *report and recommendation adopted* February 26, 2024, Text Order (denying certification because of the "troubling pattern of Troy Law's tendency towards prejudicial neglect of its clients' interests"); *Wang v. Kirin Transportation Inc.*, No. 20-cv-5410, 2024 WL 4515657, at *11–12 (E.D.N.Y. Aug. 2, 2024), *report and recommendation adopted* August 24, 2024, Text Order (finding Troy Law unqualified to represent proposed class when "counsel [] misrepresented the

9

record, failed to properly substantiate [] arguments, and overall demonstrated a lack of familiarity with th[e] case").

When the Court considers that history in conjunction with the instant case, it is led to the unavoidable conclusion that Troy Law is incapable of adequately protecting the interests of this class and incapable of providing "zealous, competent representation through the proceedings," as Rule 23 requires. *See Jianmin Jin*, 2019 WL 11816612, at *3. Accordingly, decertification is warranted.

The Court understands that decertification is "an extreme step," *Jin*, 990 F.3d at 263, however, given the overwhelming evidence that Troy Law is incapable of adequately representing the interests of the class, such a step is necessary. Still, the Court must balance the potential prejudice "from late-stage decertification . . . against the prejudice class members face from inadequate representation." *Jianmin Jin*, 2019 WL 11816612, at *3. Here, the Court finds that "the prejudice from inadequate representation is greater," *id.*, and decertification, coupled with subsequent notice to the class, preserves class members' right to seek redress on their claims in the future, a right that class members could have lost due to "the *res judicata* effect of class action judgments." *Jin*, 990 F.3d at 263.

## **CONCLUSION**

For the reasons set forth above, this Court finds that this action may not proceed by way of a class because the requirements of Rule 23 are not satisfied. Accordingly, Defendant's motion to decertify the class, ECF No. 141, is GRANTED.

Plaintiff's counsel is ordered to provide notice of decertification to all class members. The notice should explain their rights to pursue their individual claims and the fact that the

10

statute of limitations is no longer tolled. Plaintiff's counsel is directed to submit a proposed decertification notice to the court by November 4, 2025.[4]

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
October 28, 2025

---

[4] To expedite drafting of such notice, Plaintiff is directed to model her decertification notice after the notice proposed and adopted by Judge Ross in *Jianmin Jin*, where Troy Law was ordered to propose a decertification notice similar to that which the Court requires in the instant case. *See* ECF No. 193, *Jianmin Jin v. Shanghai Original, Inc.*, No. 16-cv-5633, (E.D.N.Y. July 23, 2019).

11